# CIRCUIT COURT OF WISE COUNTY

Charma Powers

v.

G. S. Kanwal,
Kamela Kanwal,
and Golden Homestead, Inc.

March 26, 1999

Case No. L98-175

BY JUDGE J. ROBERT STUMP

The court has carefully considered the above file and counsel's oral and written arguments in regard to defendants' Special Plea in Bar to Dismiss and makes the following findings of fact and conclusions of law.

This same case was previously nonsuited. The motion for judgment here was presented to the Clerk on the last statutory day allowed for refiling. The filing fees were paid the next day, one day late.

The issue is is it statutorily necessary to pay the filing fees before a motion for judgment is legally considered "filed" and "commenced"?

This court answers "yes." See Va. Code § 14.1-112(17), which in pertinent part says, "The fees prescribed above shall be collected upon the filing of papers for the commencement of civil actions." This simple, plain language may only be interpreted one way, i.e., a civil action does not commence until the fees are paid and collected.

Here, even though the motion for judgment was filed and received in a timely manner, the fees were paid and received one day late. Therefore, the civil action was not "filed" and did not commence until after the expired statutory period for refiling as required following a nonsuit. The court finds that both the pleading and the fees must be received by the clerk before the civil action is legally considered "filed" and "commenced."

Therefore, the defendants' Plea in Bar to dismiss is granted since the statute of limitations has expired for refiling after nonsuit.